thank you your honors I'm Edwin Alden and I represent mr. Glen Briggs you got the court's order yes I did yeah okay I did I certainly did your honor trying to organize this the defendant believes that he should be allowed to first of all withdraw his plea and second and secondly that the sentencing in this matter clearly is excessive mr. Briggs has been alluded to has a long mental health history in fact his mental health history began in secondary school he was well-established and he has an IQ when he was evaluated of 70 in this memorandum in this matter initially he appeared on August 7th and requested an inter to plea of guilty shortly thereafter on the next day he requested separate counsel and of course the the major problem is this is a young man who's got an IQ of 70 who's housed 230 to 250 miles away from his counsel he meets with his counsel only shortly before entry of the plea and immediately thereafter request that one that he had substitute counsel and he have his plea withdrawn the facts of this the court has already discussed in the previous matter to it to a great extent I guess the the major point would be that mr. Briggs had no capability of acquiring anywhere near the quantities of drugs that he's was sentenced on in fact if you looking at the pre-sentence report he did some minor and he had apparently scraped to do that and a number of minor sales to the government for a hundred and forty seven point nine grams as the pre-sentence report would characterize it were actually occurred shortly thereafter the government urged him to come with larger quantities and larger quantities and he had all kinds of excuses he couldn't find that the guy was gone they encouraged him to provide a weapon for them he never could come up with a weapon he come up with IQ 70 sort of excuses well my girlfriend put it in garbage and it went out with the garbage and I I lost the weapon so she was I don't have a weapon now there never was a weapon that he was able to acquire in this matter what about what about the question that was it he asked you to address oh the question yes in this case it's quite clear that there was no use procession or transfer of a fire there was no fire and looking at the history of and I guess the the most significant case that I could find on that is the 97 case from this court United States versus Myers and in that case I think that the interesting point is that for purposes of sentencing the district court must determine one under B5 which is now B6 whether Myers used or possessed any firearm or ammunition in connection with another felony offense or possessed or transferred the firearm or ammunition with knowledge intended that's the language of that case and clearly anticipates that there's a real weapon Mr. Alden you mentioned on page one of your brief you raise you show that as your issue presented for review number three but that's the last time it's mentioned you make no argument about that point in your brief at all is it or for that matter is it Myers mentioned anywhere in your brief no Myers it was the research that I did in fact at the when the court asked the question but you don't argue this point at all in your brief no I do not the I guess the point I tried to make in the brief is that there was no that this the substantial quantities of cocaine and methamphetamine which Mr. Briggs was sentenced concerning were solely the imagination of the government that they never existed in fact the government agent attempted to encourage Mr. Briggs to come up with those when he couldn't they come up with this scheme of this invasion home invasion robbery in the Seattle area and that he was supposed to acquire a gun which he did not do because he couldn't he didn't have it the only thing that Mr. Briggs was able to put together was a Kevlar vest he had never there was never was a weapon and there was never any significant amount of drugs he pled guilty to a conspiracy to use a weapon so which he requested to withdraw that plea I understand but he did plead guilty to it so if we were to disagree on the withdrawal issue that would be an established fact and the question becomes how does that feed into the entrapment issue and then that case I'm sensing the government had to know the government agents had to know that Mr. Briggs was not capable of acquiring a weapon didn't acquire a weapon and did not have the capability of producing or Mr. Briggs at no time demonstrated the capability of acquiring or distributing distributing large quantities of drugs in fact he couldn't this comes down to a case of no significant drugs no weapons and no capability of acquiring either one but he was sentenced as if he had the capability and this idea the quantities were the idea of the government the government could just as well have said that they had a tanker in Seattle Harbor from the Medellin cartel that had four tons would we sentencing to four tons there never were any drugs were you the trial counsel? No I was not. I was appointed on the day after he pled after he pled you mean before sentencing? No he pled on August 7th he requested a change of counsel and withdraw his plea on August 8th the lengthy period of time that occurred between August 8th and when he was actually came to court to withdraw his plea and ultimately sentencing the delay was due to getting a psychological evaluation which had not occurred okay thank you thank you may it please the court counsel I'm James Gakian on behalf of the government I appreciate the court providing direction on Monday about an issue it wants to address I always find that helpful I'll get to that issue in a second I'd first like to address the issue of the plea withdrawal I think I can do that very quickly frankly the defendant showed no fair and just reason withdraw his plea and that entire line of argument was completely undermined by his own expert his own expert dr. Mays makes quite clear that the defendant understood precisely what he was doing and if the chronology here makes quite clear what the defendant was doing the defendant chose to withdraw his plea or asked to ask for new counsel wait six months gets the PSR doesn't like the result in the PSR tries to game the system as well that's a high result I don't like it I think I want to withdraw my plea it's self-evident what has occurred here and any evidence that he could have presented was in the form of the expert report he asked for from dr. Mays and that shot him out of the water there dr. Mays himself said he knew exactly what was going on and I frankly think the way he attempted to gain the system here demonstrates how clever the defendant is regardless of what may have been said in the report about his mental acume he clearly has a good street acume and knows how the system works and moving on to this issue of briefing on sentencing entrapment I think it's very important here the defendant chose to plead guilty to the drug quantities at issue here in count one of two of two zero six three zero seven criminal two zero six three he pled guilty to a factual basis in a plea agreement that said the objective of that conspiracy for the stash house robbery was to get ten kilos of powder cocaine or ten pounds of ten kilos of powder cocaine and ten pounds of those facts that effectively in my view eliminates much of the sentencing entrapment argument here and as for his capability and ability to to undertake that event breaking into a house or with weapons and other individuals and seizing that quantity of drugs he clearly is capable of doing that well we don't really know that I'm sorry there's no record I mean he the lots of home invasion robberies and so they tried this out on him and he agreed to do it but you don't have any evidence that he actually did in any of those other home invasion robberies no that's what but that's why this investigative technique was attempted on this individual and what how he responds to it I think is important I'm not sure it's a very good record in mr. Glenn Briggs case but it's a good record in Michael Briggs case where the tapes were played at trial what this defendant did as soon as that idea was floated he started gaming ideas and how to do it oh we'll go in and we'll shoot them all I'll bring a bulletproof vest I have a crew that can do it what kind of individuals are at the stash now so that type of individual soft so if this matter I'm not saying it should but if this matter were to come back for resentencing the government shouldn't we should have an opportunity to develop a record which clearly exists in terms of Glenn Briggs motive and capabilities here at the Glenn Briggs sentencing did the issue of the quantity come up I know was that argued by you know defense counsel do you remember I wasn't counsel record trial counsel for this I don't know if it came up specifically yes it did it did come up in sentencing if the sentencing transcript makes clear that that argument generally was raised at sentencing effectively an entrapment all right what's the what's the reason that Glenn Briggs who seems to be the smaller fry get such a greater sense than his brother the government respectively disagree that Glenn Briggs is the principal in this operation he put out the eight counts across four indictments he had a history of drug trafficking he had a history of drug trafficking with undercover officers for instance he brings what is undisputed that he brings a bulletproof vest to this event for his brother Michael brought it for Glenn I was sent to the court that it's much harder to get a bulletproof ballistic vest than it is to get a gun the fact that this defendant can acquire on the street a bulletproof vest is significant here but let's go back to the drug amounts okay and then we really do want you to get to the firearms issue but the I as I said before the charge was not the home invasion although that was the underlying facts the charge was conspiracy to possess with intent to distribute right do you think there is any requirement to sustain that that there be some ability to distribute that there would be some likelihood that this guy could actually distribute it I think that the record is clear that he had the ability to distribute it he plugged guilty to multiple other actual distribution but teeny ones they were teeny ones but doesn't mean that he didn't have the mens rea and the distribution channel to do it he's not somebody who's never dealt drugs and doesn't know how to who to sell it to how to move it on the street he's somebody has any he was talking I don't know the amounts but selling it to the government doesn't seem to be able to he didn't seem to have distribution channels for large he wasn't a trafficker in other words just from there was no evidence he was a middle person as opposed to a street seller there's plenty of evidence that he aspired to be that is what plenty of evidence that he aspired to be he aspired to be as big as he possibly aspired to be but he had to know who to sell big chunks doing there's no evidence he did I think anyone in that milieu would know how to how to move that kind of quantity okay can you come down to the firearm because there the sentencing guideline talks about used or possessed not hypothetical not intended to but actually did so how does that what's the how does the government get around that well first I'd argue in the facts of this case the fact that the defendant pled guilty frankly to conspiracy to possess a firearm but he didn't actually to get but the language says if the defendant used or possessed that's in the at least in the plain language would seem to say actually did it it is it's the plain language of 2k 2.1 b6 in my research on 2k 2.1 b6 I could all the cases I must confess all the cases I could find there was an actual gun involved or there was a gun involved by let me ask you a predecessor question it says in connection with another felony offense what does that mean what's the other felony offense well the 2k 2.1 guideline relates to possession of a gun in relation to some other felony offense such as drug trafficking crime in this instance but I think it's an important point here 2k 2.1 when it was applied in the PSR effectively washed out what was really applied in the PSR was 2d 1.c 2 and that was what we're talking about here is a two-point enhancement is a two-point enhancement to the larger drug quantity amount and under 2d 1.1 c2 it's much I have to admit it's very similar to 2k 2.1 it requires it the clear language says possession of a firearm in conjunction with a drug trafficking offense but if you look at the note application note 12 relates back to a 1b 1.3 which effectively says at least in my view 1 1b 1.3 a 1b that application of 12 to 2d 1 relates back to 1b 1.3 that allows for constructive possession in a joint enterprise and I think we have on the unique facts of this case are very important here the evidence of constructive possession here is the fact that he one was able to come up with a bulletproof vest and what they were talking about in this instance was the guns were going to be acquired at the next stop along the way but the operation was taken down for officer safety reasons before that well I don't see how the government could have it both ways I mean it gets gets them sets them up and puts the guns on the table in effect was part of the deal but interesting you know cuts off the sting before they get down the road there's no that they had the capability other than the bulletproof vest but even with that there's no actual they never get to the point where they've actually done it so all we have is a statement that they must have used it or possessed it or transferred it under any reading of it that would say you act you know that toxin actuality and now you're saying well because they were pled or convicted of a scheme to do it I mean it seems a little bit of a stretch it's it's it's a little bit attenuated but I think it's permissible under 1b 1.3 a 1b but I wouldn't say if this case were to come back on that limited issue that that well it's not well-developed and Glenn Briggs record it's alluded to that mr. Mora the government should have an opportunity I would submit to develop that issue because I believe that it's alluded to that mr. Mora said has said in fact that the guns were at that next stop and we were going to go get them but I was a little strange I mean that the sort of gaping hole here and I kept thinking about was raining records how can the government didn't go to that place to find the guns the record selling on that I mean if there were guns sitting there you think the government would want them and want them off the street and I would pause it that's a good question but I would submit the record selling according to NPR this morning they're taking them into Starbucks wearing them on their hips all right thank you my last point would be it's important to look at what the defendant led to factually okay thank you counsel do you have anything dad you know it's the only thing I would add is that the truth of the matter is the only mr. Briggs pled to this offense but there were never any weapons there was all talk and no cattle and there was and counsel has indicated that well this is a conspiracy so therefore somebody had a gun there was never a gun produced and it was requested on numerous occasions and no gun was ever produced and no significant quantities of drugs were produced okay thank you counsel thank you both and the case is submitted and we will be in recess for the day
judges: Tashima, Fisher, Berzon